IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00125-BNB

FLOYD E. DODDS,

    Plaintiff,

v.

TRINITY GROUP, and
PUEBLO COUNTY SHERIFF DEPARTMENT,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Floyd E. Dodds, is in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. At the time Plaintiff initiated this action, he was detained in the Pueblo County Jail. Mr. Dodds has filed *pro se* a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Mr. Dodds is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Dodds will be ordered to file an amended complaint.

In the Prisoner Complaint, Mr. Dodds alleges that he was placed on a kosher diet in November 2013 to accommodate his religious beliefs. He further alleges that

individuals employed by Trinity Group, the entity that contracts with Pueblo County to provide food services to the inmates, violated his First Amendment free exercise rights by interfering with his kosher diet. Specifically, Mr. Dodds states that non kosher food was served with kosher food and the kosher diet menu was not followed, as contracted for by the Pueblo County Jail. When a kosher food item was missing from Plaintiff's tray, he was told by an unidentified individual that he would "not get it." (ECF No. 1, at 4). For relief, Plaintiff requests damages.

The Complaint is deficient to the extent Plaintiff is asserting claims against the Pueblo County Sheriff's Department. The Sheriff's Department is not an entity separate from the County of Pueblo and, therefore is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Furthermore, to hold the County of Pueblo liable under 42 U.S.C. § 1983, Mr. Dodds must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Accordingly, it is

ORDERED that Plaintiff, Floyd E. Dodds, file **within thirty (30) days from the**

**date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will review the allegations of the original Complaint, which may result in the dismissal of all or part of this action.

DATED March 13, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge