IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00125-BNB

FLOYD E. DODDS,

    Plaintiff,

v.

TRINITY GROUP,
JEFF (Last Name Unknown), Director of Food Service at Pueblo County Jail Trinity
    Group,
FERNANDEZ, Food Service Supervisor, Trinity Group,
KIRK TAYLOR, Sheriff, Pueblo County, in His Official and Individual Capacities,
TOLTH, Captain of Pueblo County Sheriff Department, in His Official and Individual
    Capacities,
UNKNOWN LIEUTENANT, in His/Her Official and Individual Capacities,
UNKNOWN SHIFT SUPERVISOR, in His/Her Official and Individual Capacities, and
HOWE, Grievance Sergeant for Pueblo County Sheriff Department, in His Official and
    Individual Capacities,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Floyd E. Dodds, is in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. At the time Plaintiff initiated this action, he was detained in the Pueblo County Jail. Mr. Dodds filed *pro se* a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

    On March 13, 2014, the Court reviewed the Complaint and determined that it was deficient because the Pueblo County Sheriff's Department was not a suable entity and Pueblo County was not liable absent factual allegations to show that the alleged

constitutional violations were caused by a County policy or custom.  Mr. Dodds filed an Amended Complaint on April 16, 2014, that adds several new Defendants.

The Court must construe the Amended Complaint liberally because Mr. Dodds is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Dodds will be ordered to file a second amended complaint.

In the original Complaint, Mr. Dodds alleges that he was placed on a kosher diet in November 2013 to accommodate his religious beliefs.  In the Amended Complaint, he alleges that individuals employed by Trinity Group, the entity that contracts with Pueblo County to provide food services to the inmates, violated his First Amendment free exercise rights by interfering with his kosher diet.  Specifically, Mr. Dodds states that non kosher food was served with kosher food and that kosher items were missing from his food trays.  Plaintiff reported a missing kosher item from his food tray in December 2013 to Defendant Fernandez, the food services supervisor for Defendant Trinity Group, who refused to provide Plaintiff with the missing item.  Mr. Dodds alleges that he submitted kites to the Pueblo County Sheriffs' Department Defendants (Grievance Sergeant Howe, Captain Tolth, Defendant Unknown Lieutenant, Defendant Unknown Shift Supervisor) which were redirected to the Defendant food services director for Trinity Group.  The Defendant food services director told Plaintiff that he would "take care of it," but failed to correct the problem.  (ECF No. 15, at 6).  Instead, the food services director sent Plaintiff a copy of the kosher menu that Trinity Group was obliged to follow.  Plaintiff requests monetary, declaratory, and injunctive relief.          The

Amended Complaint is deficient because it fails to allege facts to show that Defendants Sergeant Howe, Captain Tolth, Unknown Lieutenant, Unknown Shift Supervisor, and Sheriff Taylor, sued in their individual capacities, personally participated in a deprivation of Plaintiff's constitutional rights.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Mr. Dodds cannot maintain claims against Defendants Sergeant Howe, Captain Tolth, Unknown Lieutenant, Unknown Shift Supervisor, and Sheriff Taylor on the basis that they denied his grievances or redirected Plaintiff's kites to the Defendant food services director for Trinity Group.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish

personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); see also  *Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Plaintiff's claims against the individual Pueblo County Defendants, sued in their official capacities, are construed as claims against Pueblo County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Plaintiff was warned in the March 13 Order that to hold the County of Pueblo liable under 42 U.S.C. § 1983, he must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Local government entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

Finally, Mr. Dodds' requests for declaratory and injunctive relief appear to be moot because he has been transferred to a Colorado Department of Corrections prison facility.  *See Green v. Branson,* 108 F.3d 1296, 1299-1300 (10th Cir.1997) (holding that

release from prison moots claims for declaratory and injunctive relief); *Love v. Summit County,* 776 F.2d 908, 910 n. 4, 912 (10th Cir.1985) (indicating that the general rule applies to a transfer between prisons).  Accordingly,

ORDERED that Plaintiff, Floyd E. Dodds, file **within thirty (30) days from the date of this order,** a second amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint that complies with this order within the time allowed, the Court will review the allegations of the Amended Complaint, which may result in the dismissal of all or part of this action.

DATED April 23, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge