IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00125-BNB

FLOYD E. DODDS,

    Plaintiff,

v.

TRINITY GROUP,
JEFF (Last Name Unknown), Director of Food Service at Pueblo County Jail Trinity
    Group,
FERNANDEZ, Food Service Supervisor, Trinity Group,
KIRK TAYLOR, Sheriff, Pueblo County, in His Official and Individual Capacities,
TOLTH, Captain of Pueblo County Sheriff Department, in His Official and Individual
    Capacities,
UNKNOWN LIEUTENANT, in His/Her Official and Individual Capacities,
UNKNOWN SHIFT SUPERVISOR, in His/Her Official and Individual Capacities, and
HOWE, Grievance Sergeant for Pueblo County Sheriff Department, in His Official and
    Individual Capacities,

    Defendants.

## ORDER TO DISMISS IN PART AND TO ASSIGN CASE

Plaintiff, Floyd E. Dodds, is in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. At the time Plaintiff initiated this action, he was detained in the Pueblo County Jail. Mr. Dodds filed *pro se* a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

On March 13, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because the Pueblo County Sheriff's Department was not a suable entity and Pueblo County was not liable absent factual allegations to show that the alleged constitutional violations were caused by a County policy or

custom. Mr. Dodds filed an Amended Complaint on April 16, 2014, that adds several new Defendants. (ECF No. 15).

On April 23, 2014, Magistrate Judge Boland reviewed the Amended Complaint and determined that it was deficient because Plaintiff failed to allege the personal participation of each named Defendant in a deprivation of his constitutional rights. Magistrate Judge Boland ordered Mr. Dodds to file a Second Amended Complaint within thirty (30) days of the April 23 Order. Magistrate Judge Boland warned Mr. Dodds that if he failed to file a Second Amended Complaint by the court-ordered deadline, the Court would review the allegations of the Amended Complaint, which may result in the dismissal of all or part of this action. Although the Court provided Mr. Dodds with a copy of the court-approved Prisoner Complaint form at his request (*see* ECF Nos. 17, 18 and 19) and granted Plaintiff an additional extension of time to comply with the April 23 Order, he failed to file a Second Amended Complaint by the court-ordered deadline. Accordingly, the Court reviews the sufficiency of the Amended Complaint.

Mr. Dodds has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Dodds is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be dismissed, in part.

In the original Complaint, Mr. Dodds alleges that while he was incarcerated at the Pueblo County jail, he was placed on a kosher diet in November 2013 to accommodate his religious beliefs.  In the Amended Complaint, he alleges that individuals employed by Trinity Group,[1] the entity that contracts with Pueblo County to provide food services to the inmates, violated his First Amendment free exercise rights by placing non kosher and kosher food items together on his food tray, while denying him other kosher food items, on five or six separate occasions in November and December 2013.  Plaintiff reported the kosher item missing from his food tray to Defendant Fernandez, the Trinity Group Food Services Supervisor, on December 10, 2103, who refused to provide Plaintiff with the missing item.  Mr. Dodds alleges that he submitted kites to the Pueblo County Sheriffs' Department Defendants (Sheriff Taylor, Grievance Sergeant Howe, Captain Tolth, Unknown Lieutenant, and Unknown Shift Supervisor) which were redirected to the Trinity Group Food Services Director.  Defendant Jeff (Last Name Unknown), the Trinity Group Food Services Director, told Plaintiff repeatedly that he would "take care of it," but failed to correct the problem.  (ECF No. 15, at 6).  Instead, the Food Services Director sent Plaintiff a copy of the kosher menu that Trinity Group was obliged to follow.  Plaintiff asserts a deprivation of his First Amendment free

---

[1]Defendant Trinity Group is the Trinity Services Group, Inc.

exercise rights and requests monetary, declaratory and injunctive relief.

Mr. Dodds cannot maintain a § 1983 claim against the Pueblo County Sheriff's Department Defendants in their individual capacities because he fails to allege how each Defendant personally participated in the asserted First Amendment violation. Plaintiff was warned by Magistrate Judge Boland in the April 23 Order that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).   A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Furthermore, the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also  Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal

quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Mr. Dodds fails to allege facts to show that Defendants Sergeant Howe, Captain Tolth, Unknown Lieutenant, Unknown Shift Supervisor, and Sheriff Taylor were responsible for providing him with a kosher diet.  As such, those Defendants are improper parties to this action and will be dismissed.

Plaintiff's claims against the individual Pueblo County Sheriff's Department Defendants, sued in their official capacities, are construed as claims against Pueblo County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Plaintiff was warned in the March 13 and April 23 Orders that to hold the City and County of Pueblo liable under 42 U.S.C. § 1983, he must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Local government entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.  Because Mr. Dodds fails to allege facts to show that a County policy or custom caused the alleged constitutional deprivation, his claims against the Pueblo County Defendants in their official capacities will be dismissed.

Similarly, Mr. Dodds' claim against Defendant Trinity [Services] Group [Inc.], the entity that contracts with Pueblo County to provide food to jail inmates, cannot be held liable under § 1983 absent allegations that a custom or policy of the Defendant caused the constitutional violation. *See Jones v. Eckloff*, No. 12-CV-375-FTM-29, 2014 WL 272666, at *7 (M.D. Fla. 2014) (unpublished). Because Plaintiff does not allege facts to show an actionable policy or custom, Defendant Trinity [Services] Group [Inc.], is an improper party to this action and will be dismissed.

Mr. Dodds' requests for declaratory and injunctive relief are moot because he has been transferred to a Colorado Department of Corrections prison facility. *See Green v. Branson,* 108 F.3d 1296, 1299-1300 (10th Cir.1997) (holding that release from prison moots claims for declaratory and injunctive relief); *Love v. Summit County,* 776 F.2d 908, 910 n. 4, 912 (10th Cir.1985) (indicating that the general rule applies to a transfer between prisons).

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Ms. Dodds' claims against Defendant Jeff (Last Name Unknown), Director of Food Service for Trinity Group, and Defendant Fernandez, the Food Service Supervisor for Trinity Group, do not appear to be appropriate for summary dismissal and that the case should be assigned to District Judge Raymond P. Moore and to Magistrate Judge Boyd N. Boland, pursuant to D.C.COLO.LCivR 40.1(c)(1). *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Plaintiff's claims against Defendants Trinity Group, Sheriff Taylor, Sergeant Howe, Captain Tolth, Unknown Lieutenant, and Unknown Shift Supervisor, in their individual and official capacities, are DISMISSED. It is

FURTHER ORDERED that Plaintiff's request for equitable relief is DENIED as moot. It is

FURTHER ORDERED that the First Amendment free exercise claim asserted against Defendant, Jeff (Last Name Unknown), Director of Food Service for Trinity Group, and Defendant Fernandez, the Food Service Supervisor for Trinity Group, shall be assigned to District Judge Raymond P. Moore and to Magistrate Judge Boyd N. Boland, pursuant to D.C.COLO.LCivR 40.1(c)(1).

DATED at Denver, Colorado, this  10th  day of      June      , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court