IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00125-RM-BNB

FLOYD E. DODDS,

Plaintiff,

v.

JEFF (last name unknown), Director of Food Service at Pueblo County Jail, Trinity Group, and MR. FERNANDEZ, Food Service Supervisor, Trinity Group,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on my Order to Show Cause issued on September 5, 2014 [Doc. #28]. For the following reasons, I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE.

The plaintiff filed his First Amended Complaint (the "Complaint") on April 16, 2014. On July 10, 2014, the court dismissed all of defendants except Fernandez and Jeff (last name unknown). The Complaint lists the addresses of defendants Fernandez and Jeff (last name unknown) as 909 Court Street, Pueblo, Colorado 81003. The United States Marshal attempted to serve both defendants at the address provided by the plaintiff. On August 25, 2014, the Marshal filed Process Receipt and Returns which state that Mr. Fernandez could not be served at the address provided by the plaintiff because there is "no one employed there by that name" and Jeff (last name unknown) could not be served at that address because he is "no longer employed there - unable to locate."

I ordered the plaintiff to show cause on or before October 6, 2014, why the Complaint

should not be dismissed as against Fernandez and Jeff (last name unknown) for failure to prosecute. See D.C.COLO.LCivR 41.1. I warned him that in the event no such showing was made, I would recommend that the action be dismissed, without prejudice, as against Fernandez and Jeff (last name unknown) for failure to prosecute.

The plaintiff did not respond to my show cause order. Accordingly, I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute.[1]

Dated October 9, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).